UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT POTTHOFF, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | 22 C 1722 |
| vs. | ) ) ) | Judge Gary Feinerman |
| BOB'S DISCOUNT FURNITURE, LLC, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

For the reasons set forth below, Defendant's motion to compel arbitration and dismiss or, in the alternative, stay [15] is granted. This litigation is stayed pending completion of the parties' arbitration. The status hearing set for 9/26/2022 [28] is stricken and re-set for 11/18/2022 at 9:15 a.m. By 11/10/2022, the parties shall file a joint status report regarding the arbitration. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (877) 336-1828, Access Code: 4082461. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Please, please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**STATEMENT**

Plaintiff asserts claims arising from Defendant's alleged failure to honor an extended warranty he purchased. Doc. 1. The parties' contract includes an arbitration agreement: "Any controversy or claim between [Plaintiff] and [Defendant] arising out of, or relating to, this agreement or any products or services purchased from [Defendant] shall be resolved by arbitration administered by the American Arbitration Association pursuant to its Consumer Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof." Doc. 16 at 6. That provision is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Whether the parties have validly agreed to arbitrate is governed by state-law principles of contract formation." *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809 (7th Cir. 2011). Illinois law applies because neither party asserts a different state's law controls. *See ibid*. ("Nor have the parties asked us to apply any law other than that of Illinois. In the absence of such a request, we apply Illinois law to the question whether the parties agreed to submit disputes to arbitration.").

Plaintiff's claims fall within the arbitration agreement's scope. Plaintiff nonetheless offers several arguments why arbitration should not be ordered. Those arguments are meritless.

Plaintiff asserts, without any analysis or explanation, that the parties never had a "meeting of the minds" regarding arbitration. Doc. 22 at 7. That perfunctory argument is forfeited. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived … ."); *Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) ("[A]s the district court found, the musical diversity argument was forfeited because it was perfunctory and underdeveloped."). It is also wrong on the merits, as the unambiguous contractual language expresses an agreement to arbitrate. *See Newkirk v. Vill. of Steger*, 536 F.3d 771, 774 (7th Cir. 2008) ("When a 'meeting of the minds' question arises, Illinois follows the objective theory of intent. An Illinois court would therefore look first to the written records, not to mental processes.") (citation omitted).

Plaintiff next argues that the parties' contract failed to incorporate by reference the arbitration provision. Doc. 22 at 7-8. The incorporation-by-reference doctrine has no application here because the contract itself contains arbitration provision without referring to a separate document. Doc. 16 at 5-6; *cf. R.J. O'Brien & Assocs., Inc. v. Pipkin*, 64 F.3d 257, 260 (7th Cir. 1995) ("A contract, however, need not contain an explicit arbitration clause if it validly incorporates by reference an arbitration clause *in another document*.") (emphasis added).

Plaintiff next contends that his agreement was fraudulently induced by alleged oral misrepresentations about "the extent of [the warranty's] coverage." Doc. 22 at 9-10. That fraudulent inducement claim does not target the arbitration clause specifically, so the arbitrator must resolve it. *See Janiga v. Questar Cap. Corp.*, 615 F.3d 735, 741 (7th Cir. 2010) ("[C]hallenges to the validity of the entire contract—*e.g.*, fraud in the inducement—should be left to the arbitrator."); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("[A] party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate.").

Plaintiff next submits that the arbitration agreement is substantively and procedurally unconscionable. "Procedural unconscionability refers to a situation where a term is so difficult to find, read, or understand that the plaintiff cannot fairly be said to have been aware he was agreeing to it, and also takes into account a lack of bargaining power." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 777 (7th Cir. 2014) (citation omitted). Plaintiff suggests the arbitration provision is "hidden in a maze of fine print," Doc. 22 at 8-9, but in fact the provision is set off by a blank line, has a descriptive introductory title ("RESOLUTION OF DISPUTES"), and appears in a full-size font. Doc. 16 at 6; *see All Am. Roofing, Inc., v. Zurich Am. Ins. Co.*, 934 N.E.2d 679, 692 (Ill. App. 2010) (holding that an arbitration clause within a document with "full-size font, with introductory titles and subtitles," and with each paragraph "set off by a blank line above and below," was readable and therefore not procedurally unconscionable); *Sanchez v. CleanNet USA, Inc.*, 78 F. Supp. 3d 747, 755 (N.D. Ill. 2015) ("[T]he arbitration provision is no more 'buried' than any other provision in the Franchise Agreement, as the font size and theme remain the same throughout the 41-page document."). Nor does the lack of an opt-out provision render the agreement procedurally unconscionable. *See Scaffidi v. Fiserv, Inc.*, 218 F. App'x 519, 521 (7th Cir. 2007) ("We have repeatedly rejected the argument that arbitration clauses are

unconscionable because they do not contain opt-out provisions."). And Plaintiff's assertion that "he had already tendered payment of over $3,000" before Defendant provided him the contract terms, Doc. 22 at 9, lacks any evidentiary basis. Plaintiff's signature acknowledged that he "read and agree[d] to the sale terms," including the arbitration clause. Doc. 16 at 5.

As for substantive unconscionability, Plaintiff submits that the arbitration agreement is illusory and a contract of adhesion. Doc. 22 at 10-12. Insofar as Plaintiff argues the agreement is illusory because Defendant could avoid any liability under the warranty's terms, *id*. at 11, his challenge must be submitted to the arbitrator. *See Janiga*, 615 F.3d at 741. More to the point, the arbitration clause itself is not illusory because neither party's performance is optional. *Compare* Doc. 16 at 6 (requiring that the parties "shall" arbitrate defined claims according to certain rules), *with Druco Rests., Inc. v. Steak N Shake Enters., Inc.*, 765 F.3d 776, 784 (7th Cir. 2014) (Wisconsin law) (holding that an arbitration agreement was illusory because it "left to Steak n Shake's sole discretion the very important issues of whether and how any claims would be arbitrated, as well as which disputes would be subject to arbitration"). And settled law dictates that even "contracts of adhesion" containing arbitration clauses are enforceable. *See Carbajal v. H & R Block Tax Servs., Inc.*, 372 F.3d 903, 906 (7th Cir. 2004) ("The whole deal, including [the arbitration provision], was offered on a take-it-or-leave-it basis, which leads Carbajal to call it a 'contract of adhesion,' but few consumer contracts are negotiated one clause at a time."); *Koveleskie v. SBC Cap. Markets, Inc.*, 167 F.3d 361, 367 (7th Cir. 1999) ("Illinois law does not void contracts where parties have unequal bargaining power, even if a contract is a so-called 'take-it-or-leave-it' deal … .").

Defendant's motion to compel arbitration is therefore granted, and this litigation is stayed pending completion of the arbitration. *See Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("As this Court has noted on numerous occasions, the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright.") (internal quotation marks omitted).

August 19, 2022

_____
United States District Judge

3